MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
The court holds that Illinois Brick, Co. v. Illinois, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), precludes these plaintiffs from bringing an antitrust action against Ticketmaster under Section 4 of the Clayton Act, see 15 U.S.C. § 15(a). I respectfully disagree.
The court begins its opinion by attempting to clarify the meaning of the phrase “indirect purchaser” in the antitrust context. Citing Illinois Brick itself, numerous other cases, and several law review articles, the court concludes that “[a]n indirect purchaser is one who bears some portion of a monopoly overcharge only by virtue of an antecedent transaction between the monopolist and [a direct purchaser].” The phrase “antecedent transaction,” however, appears nowhere in the authorities relied on, and, in fact, a mere “antecedent transaction” will not turn all purchasers of a monopolized product into indirect purchasers for the purposes of Illinois Brick.
Illinois Brick, 431 U.S. at 727, 97 S.Ct. at 2065, uses the term “indirect purchaser” to mean someone in a vertical supply chain who purchases a monopolized product from someone other than a monopolist. Both the direct and the indirect purchaser will usually suffer some injury as both ordinarily will have to absorb a portion of the monopolist’s overcharge. See id. at 746, 97 S.Ct. at 2074-75. Because the Supreme Court in Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481, 494, 88 S.Ct. 2224, 2232, 20 L.Ed.2d 1231 (1968), had rejected the argument that monopolists could avoid liability to direct purchasers to the extent that those direct purchasers had “passed on” any or all of their markups to indirect purchasers, without Illinois Brick, both direct and indirect purchasers would have standing to sue for the same antitrust injury. Illinois Brick, 431 U.S. at 746, 97 S.Ct. at 2074-75, in the interests of economic and administrative efficiency, holds that only parties who are directly injured may sue for antitrust violations, thus avoiding the need to apportion damages among direct and indirect purchasers, and preventing double recovery (or sextuple recovery under Section 4 of the Clayton Act) when both indirect and direct purchasers sue.
Thus Illinois Brick requires more than a mere antecedent transaction for an antitrust defendant to avoid suit from an “indirect purchaser” under Section 4. Instead, the antecedent transaction must have been one in a direct vertical chain of transactions and it must have resulted in the “passing on” of monopoly costs from the direct purchaser to the indirect purchaser. Illinois Brick, 431 U.S. at 746, 97 S.Ct. at 2074-75. In this case, neither of these conditions is met.
The monopoly product at issue in this case is ticket distribution services, not tickets. Ticketmaster supplies the product directly to concert-goers; it does not supply it first to venue operators who in turn supply it to concert-goers. It is immaterial that Ticketmaster would not be supplying the service but for its antecedent agreement with the venues. But it is quite relevant that the antecedent agreement was not one in which the venues bought some product from Ticketmaster in order to resell it to concert-goers. More important, and more telling, is the fact that the entirety of the monopoly overcharge, if any, is borne by concert-goers. In contrast to the situations described in Illinois Brick and the literature that the court cites, the venues do not pay any portion of the alleged monopoly overcharge—in fact, they receive a portion of that overcharge from Tieketmaster.
*1175 An unhappy result of the holding in this ease is that it is now likely that no one can bring a Section 4 suit against Ticketmaster in this circuit. The plaintiffs in this appeal (and other similarly situated “indirect purchasers”), are the only parties who are actually injured by Ticketmaster’s alleged illegal price-fixing, if any. The venues themselves, the parties whom the court seems to favor as candidates for bringing this Section 4 suit, are not injured, and therefore cannot bring an action at all.
For the reasons indicated, I dissent from the judgment in this case.